IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MILLS, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 20-4111 |
| SOCIAL SECURITY ADMIN., *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                        **DECEMBER 10, 2020**

Plaintiff Richard Mills originally filed this civil action by sending the Court a 30-page document with no caption. In an order filed on September 14, 2020, the Court directed Mills to pay the filing fee for this case or move to proceed *in forma pauperis*, and file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See* ECF No. 3.) Mills moved to proceed *in forma pauperis* (ECF No. 7) and, on September 29, 2020, filed an amended complaint that failed to comply with the Court's Order. (ECF No. 6.) An Order filed on October 28, 2020 (ECF No. 10) struck that pleading, granted Mills *in forma pauperis* status, and granted Mills another opportunity to file a conforming pleading. Mills has now returned with a Second Amended Complaint ("SAC," ECF No. 11) in which he names as Defendants "Social Security Admin.," "Unknown SSA Employees," (collectively "the Federal Defendants") and Maria E. Bermudez, Esq.[1] For the following reasons, the Clerk of Court will be directed to amend the caption of this case to reflect the filing of the SAC, and the Court will

---

[1] Mills has also separately filed numerous documents that the Clerk of Court has docketed as letters and exhibits. (ECF Nos. 12-17, 19-24.) Many of these documents are repetitious copies of documents sent to others including politicians. The Court will construe all such letters and exhibits as part of the SAC.

1

dismiss the SAC without prejudice to Mills filing a third amended complaint against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## I.     FACTS

The Court understands Mills to be challenging the conclusions of hearing officers employed by the Social Security Administration denying him Supplemental Security Income ("SSI") benefits. He alleges his due process rights have been violated and he has been the victim of corruption. (ECF No. 11 at 2-3.) He alleges the Federal Defendants ignored his evidence of disability, failed to verify his claim for benefits, and did not assist him in filing for benefits. (*Id.* at 3.) He also alleges that his former attorney, Defendant Bermudez, failed to carry out her fiduciary duties. (*Id.*) He seeks money damages. (*Id.* at 4.)

## II.    STANDARD OF REVIEW

Because the Court has granted Mills leave to proceed *in forma pauperis*, his Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss a complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action." Fed. R. Civ. P. 12(h)(3). As Mills is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

#### A.    Claims Against the Federal Defendants

Other than his conclusory allegations of a due process violation and corruption, Mills does not indicate what the Federal Defendants did or did not do to give rise to the claims against them. Nonetheless, it appears that Mills named them in this lawsuit because of their actions in processing his claim for SSI benefits. Liberally construing the Complaint, it is possible that Mills intended to bring a due process claim against these Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized a cause of action for damages for certain constitutional violations committed by federal actors. However, the Supreme Court has rejected the extension of *Bivens* to due process violations brought under the Fifth Amendment in connection with the denial of social security benefits. *See Schweiker v. Chilicky,* 487 U.S. 412, 414 (1988) (concluding that a *Bivens* "remedy [for improper denial of Social Security disability benefits], not having been included in the elaborate remedial scheme devised by Congress, is unavailable"). Nor is there any basis for extending *Bivens* to recognize a remedy for other constitutional violations that may be alleged here in light of the availability of review under 42 U.S.C. § 405(g). *See  Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").

The best construction of Mills's Complaint is a request for review of the Social Security Administration's conclusion denying his claim for SSI benefits. District Courts have jurisdiction

3

to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). Any request for review, however, must be brought against the Commissioner of Social Security. Here, it is not clear whether Mills exhausted his administrative remedies before the SSA as required by the statute. Accordingly, the claims in the SAC against the Federal Defendants will be dismissed, and Mills will be given an opportunity to file a third amended complaint against the Commissioner of Social Security, so he may seek review if appropriate.

### B.    Claims Against Attorney Bermudez

Defendant Bermudez allegedly violated her fiduciary duties, presumably in her representation of Mills in his claim for benefits. A claim that an attorney breached a fiduciary duty owed to a client arises under state law. *See Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 802 (3d Cir. 2017), as amended (Feb. 8, 2017) (noting that breach of fiduciary duty claim arose under state law for purposes of determining amount in controversy for diversity jurisdiction). Because the Court has dismissed Mills's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to

remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mills makes no allegation regarding citizenship. He only alleges that both he and Bermudez have addresses in Philadelphia, Pennsylvania. (ECF No. 11 at 1-2.) Thus, he has not met his burden to establish subject matter jurisdiction over his claim against Bermudez. Accordingly, the state law claim against Bermudez will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Mills will not be given leave to amend his civil rights claims because it appears that amendment would be futile. However, this dismissal will be without prejudice to Mills's right to file a third amended complaint against the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) in the event he has exhausted all administrative remedies. The claim against Defendant Bermudez will be dismissed without prejudice for want of subject matter jurisdiction. An appropriate Order follows.

BY THE COURT:

 /s/ John Milton Younge
**JOHN M. YOUNGE, J.**

5