IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MILLS,** : | |
|     **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| **v.** : | |
| : | **NO. 20-4111** |
| **SOCIAL SECURITY ADMIN.,** *et al.*, : | |
|     **Defendants.** : | |

## ORDER

AND NOW, this  10th  day of December, 2020, upon consideration of Plaintiff Richard Mills's *pro se* Second Amended Complaint (ECF No. 11) and Mills's letters and exhibits (ECF Nos. 12-17, 19-24), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to (1) amend the docket entry for ECF No.11 to reflect that the filing is a Second Amended Complaint and (2) amend the caption of this case to reflect the parties named in the Second Amended Complaint.

2. The Second Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

    A. The claims against "Social Security Admin." and "Unknown SSA Employees," construed as claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    B. The claims against Maria E. Bermudez, Esq. are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. Mills may file a third amended complaint within thirty (30) days of the date of this Order limited to a claim appealing a denial of Supplemental Security Income benefits brought pursuant to 42 U.S.C. § 405(g) and naming the Commissioner of Social Security as the sole Defendant.  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Mills a blank copy of the Court's form Complaint For Review of a Social Security Disability Or Supplemental Security Income Decision.  Mills may use this form to file his third amended complaint if he chooses to do so.[1]

5. If Mills does not wish to amend his Second Amended Complaint and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Mills fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at: http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

Mills intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

    **IT IS SO ORDERED**.

                                        **BY THE COURT:**

                                        /s/ John Milton Younge
                                        **JOHN M. YOUNGE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).